IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-33,842-05




EX PARTE ROY ANTHONY JONES, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F94-00145WV IN THE 291ST DISTRICT COURT
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty years’ imprisonment. The Third Court of Appeals affirmed his conviction. Jones
v. State, No. 03-94-00564-CR (Tex. App.–Austin 1996, pet. ref’d). 
            Applicant contends that his parole review date was “set-off” for five years, see Tex. Gov’t
Code § 508.141(g), and that this “set-off” resulted in an ex post facto violation. The trial court made
findings of fact and concluded that Applicant’s claim was not cognizable and that he failed to
establish an ex post facto violation “due to the fact that parole is a matter of grace, not a matter of
right.” The trial court recommended that we deny relief. We agree with the trial court’s
recommendation but not with its conclusions of law. Applicant’s claim is cognizable in an
application for a writ of habeas corpus, and although parole in Texas is discretionary, see Ex parte
Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000), the “presence of discretion does not displace
the protections of the Ex Post Facto Clause.” Garner v. Jones, 529 U.S. 244, 253 (2000); see also
Weaver v. Graham, 450 U.S. 24, 30 (1981)(“[A] law need not impair a ‘vested right’ to violate the
ex post facto prohibition”). Applicant, however, does not plead sufficient facts to show that the
change in parole law created “a sufficient risk of increasing the measure of punishment attached to
the covered crimes.” California Dep’t of Corrections v. Morales, 514 U.S. 499, 509 (1995). With
these words, we deny relief.
 
Filed: January 27, 2010
Do not publish